56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vitorio VILI, Defendant-Appellant.
 No. 94-10511.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vitorio Vili appeals his sentence of 37 months imposed following a guilty plea to conspiracy to defraud the United States by obtaining payments from false and fraudulent tax claims in violation of 18 U.S.C. Secs. 286, 371. Vili contends that the district court erred by increasing his offense level by two points under U.S.S.G. Sec. 2F1.1(b)(3)(A) because the government did not prove, by a preponderance of the evidence, that Vili misrepresented himself as an Internal Revenue Service ("IRS") agent. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a district court's interpretation of the Sentencing Guidelines de novo and its findings of fact underlying the sentencing determination for clear error. United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir. 1991).
 
 
 4
 The Sentencing Guidelines authorize a two-level upward adjustment to a defendant's offense level if the offense involves "a misrepresentation that the defendant was acting on behalf of ... a government agency." U.S.S.G. Sec. 2F1.1(b)(3)(A) (Nov. 1, 1993). Further, the government "bears the burden of proving by a preponderance of the evidence the facts supporting the upward adjustment." Joetzki, 952 F.2d at 1096.
 
 
 5
 The presentence report recommended a two-level increase in Vili's offense level because he "represented that he was an IRS employee and that he was submitting legitimate claims to the IRS." Vili objected to the increase, contending that he did not recall or believe that he informed anyone that he was actually working for the IRS. At the sentencing hearing, the government presented two witnesses to support the increase. Both witnesses testified that an individual whose residence Vili used for his fraudulent operations stated that Vili identified himself as an IRS employee. The testimony also established that Vili told others about his association with a current employee of the IRS.[1] Vili introduced no rebuttal evidence. The district court found that the government had met its burden of showing that Vili misrepresented himself and thus the two-level increase was proper. See U.S.S.G. Sec. 2F1.1(b)(3)(A); Joetzki, 952 F.2d at 1096. In light of the testimony, we see no clear error in the district court's finding. See Joetzki, 952 F.2d at 1096.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Vili admitted that he had informed people that he was a tax preparer and his boss was an ex-IRS employee